IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| ROBERT JONES, | |
| Plaintiff, | CIVIL ACTION NO.: 5:20-cv-56 |
| v. | |
| JEFFREY COLEMAN, et al., | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983 and Georgia law. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants sued in their official capacities and all claims against Defendants Coleman and Wicker. However, I **FIND** some of Plaintiff's claims may proceed. Specifically, the Court will direct service of the following claims by separate Order: an excessive force claim against Defendant Miller; an assault and battery claim against Defendant Miller; and failure to intervene claims against Defendants Carver, Clark, Harris, and Little.

## PLAINTIFF'S CLAIMS[1]

Plaintiff claims he returned the food given to him through his tray flap on January 30, 2020, becaue there was a cockroach on it. Doc. 1 at 3. Plaintiff states Defendant Miller then slammed his hand into the flap, causing multiple cuts and lacerations. Id. at 4. Plaintiff asserts

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Defendants Clark, Carver, Harris, and Little were present during the incident and did not intervene.  Id.  Plaintiff claims this incident was part of a policy or practice by the prison of permitting excessive force.  Id. at 5.  Plaintiff states Defendants Coleman and Wicker demonstrated deliberate indifference by failing to take any action to stop this pattern.  Id. at 6.  Plaintiff sues all Defendants in their individual and official capacities for declaratory relief and compensatory, punitive, and nominal damages.  Id. at 3, 6–7.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain

"more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

### I. Monetary Damages

Plaintiff sues all Defendants in their individual and official capacities but also seeks monetary damages.  Doc. 1 at 3, 6–7.  States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).  Section 1983 does not abrogate the well-established immunities of a state from suit without its consent.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).  Because a lawsuit against a state agency or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983.  Id. at 71.  Therefore, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants sued in their official capacities.

### II. Defendants Coleman and Wicker

Plaintiff seeks to hold Defendants Coleman and Wicker as supervisors.  In the Eleventh Circuit, supervisory officials cannot be held vicariously liable under § 1983 for the unconstitutional acts of their subordinates.  Harrison v. Culliver, 746 F.3d 1288, 1298 (11th Cir. 2014) (quoting Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)).  A plaintiff seeking to hold a supervisor liable must show either: (1) the supervisor participated directly in the unconstitutional conduct, or (2) a causal connection exists between the supervisor's actions and the alleged constitutional violation.  Id.  A causal connection can be shown by a history of widespread abuse that puts the supervisor on notice of a need to correct or a custom or policy created by a supervisor that results in deliberate indifference to constitutional rights.  Id.  A

3

causal connection can also be shown by facts supporting an inference that the supervisor directed unlawful conduct or "knew the subordinates would act unlawfully and failed to stop them from doing so." Id.  (quoting Cottone, 326 F.3d at 1360).

Plaintiff does not allege Defendants Coleman and Wicker participated directly in the unconstitutional conduct.  Instead, Plaintiff claims Defendants Coleman and Wicker failed to take disciplinary action against Defendant Miller.  Doc. 1 at 6.  He also vaguely alleges there is an informal policy of excessive use of force at Ware State Prison.  Id. at 5.  However, Plaintiff has not alleged Defendants Wicker of Coleman created this policy or were on notice of a need to correct the policy.  Plaintiff has also not alleged Defendants Wicker and Coleman knew Defendant Miller would act unlawfully.  Thus, Plaintiff has not stated sufficient factual matter to maintain a plausible claim against Defendants Coleman and Wicker.  Therefore, I **RECOMMEND** the Court **DISMISS** all claims against Defendants Coleman and Wicker.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants sued in their official capacities and all claims against Defendants Coleman and Wicker.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to

file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 21st day of May, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA